IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

MICHAEL MAYS                          :
2944 DENBEIGH DRIVE                   :
HATFIELD, PENNSYLVANIA                :        Civil Action No:
                    Plaintiff        :
        v.                            :
UNITED STATES OF AMERICA   :
                    Defendant          :

## **COMPLAINT**

Plaintiff Michael Mays files this Complaint against the United States of America d/b/a

United States Postal Service (Defendant). Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      This case involves a claim for personal injury brought against the Unites States of

America under Section (b) (1) of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346.

Jurisdiction is based on 28 U.S.C. §1331 (federal question), 28 U.S.C. §1346, et seq. (FTCA

litigation) and 28 U.S.C. §1367 (supplemental jurisdiction).

2.      Venue is proper because the act and omissions that form the subject matter of this

action occurred in this judicial district.

### PARTIES

3.      Plaintiff Michael Mays is an adult resident of the Commonwealth of Pennsylvania

who resides at 2944 Denbeigh Dr., Hatfield, PA 19440.

4.      The defendant is the United States of America d/b/a the United States Postal

Service, which has a facility with the address of 7500 Lindbergh Blvd, Philadelphia, PA 19176-

9997. This defendant is a state agency within the meaning of 28 U.S.C. 2674. The defendant

operates by and through its employees, agents, ostensible agents, workmen and servants. The claim

asserted is for the negligence of its agents, ostensible agents, servants, employees and professionals.

5.      On the date of incident, April 17, 2024, Plaintiff was at the Defendant's facility at 7500 Lindbergh Blvd, Philadelphia, PA 19176-9997 as a customer. Plaintiff used or attempted to use an "All Purpose Container" or "APC" at the facility that was or should have been monitored, secured, or inspected by the agents, employees, servants, professionals and ostensible agents of the defendant, United States Postal Service.

6.      While using or attempting to use the All Purpose Container, a shelf was not secured or locked in the correct position, causing the unit to collapse or fall on the Plaintiff's hand, breaking his right index finger.

7.      On or around May 29, 2024, Plaintiff, pursuant to the Federal Torts Claim Act, notified Defendant of a claim via a Form 95. Plaintiff sent a letter on May 31, 2024 to address a typographical error in the Form 95. The Form 95 stated the basis of the claim was due to a shelving unit slamming down on right index finger, the injury was right index finger was shattered and required surgery.

8.      On March 24, 2025, Defendant wrote a letter to Plaintiff, detailing that a satisfactory resolution has not been able to be reached, request for reconsideration has been denied. This March 24, 2025, letter also states:

> In accordance with 28 U.S.C. § 2401 (b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

<u>GENERAL ALLEGATIONS</u>

9.      Defendant operates a facility at 7500 Lindbergh Blvd, Philadelphia, PA 19176-9997 (hereinafter also referred to as "facility.")

10.     On April 17, 2024, the facility was open to customers, such as Plaintiff.

11.     Defendant operates the facility through its agents, managers, employees, servants, professional and ostensible agents.

12.     At this facility, customers may ship mail or packages. A piece of equipment at the facility called an All Purpose Container, or APC, is a device that customers may use in the process of having their mail shipped.

13.     At the facility, the All Purpose Containers are metal racks, on wheels, and include a metal shelf or shelves that could be placed flat (horizontally) or in the upright position (vertically).

14.     If a shelf on the All Purpose Container is in the upright (vertical) position, there is a lock or mechanism to secure the shelf in the upright position to prevent the shelf from falling.

15.     It is the Defendant's responsibility, through its agents, managers, employees, servants, professional and ostensible agents, to make sure the equipment, such as the All Purpose Container, that is to be used by customers, is in a safe condition for customers to use.

16.     On April 17, 2024, Plaintiff was an invitee at the Defendant's facility.

17.     Plaintiff attempted to use an All Purpose Container.

18.     At all relevant times hereto, there were no instructions, warnings, warning signs regarding the All Purpose Container or how to use the All Purpose Container.

19.    While using or attempting to use the All Purpose Container, the top shelf was not horizontal, rather it was in or looked to be in the upright, vertical position.

20.    The All Purpose Container Plaintiff used or attempted to use did not have the top shelf locked or secured in the upright vertical position.

21.    When using or attempting to use the All Purpose Container, the metal shelf fell or collapsed from an upright position and fell on Plaintiff's right hand.

22.    Plaintiff's right index finger was fractured due to the shelf falling or collapsing.

## COUNT I
## NEGLIGENCE

23.    Paragraphs 1 through 22 are incorporated herein by reference.

24.    The negligence of the Defendant, by and through its agents, managers, employees, servants, professional and ostensible agents, consists of:

    a.    Failing to monitor equipment, such as the All Purpose Container;

    b.    Failing to inspect equipment, such as the All Purpose Container;

    c.    Failing to ensure equipment, such as the All Purpose Container, was safe for use for customers;

    d.    Failing to have any warnings, warning signs, and/or instructions for use of the All Purpose Container;

    e.    Permitting customers to use equipment such as the All Purpose Container, which was not in a safe or secure condition; and

    f.    Permitting the All Purpose Container to be used by customers when the shelf is not in a safe or secure position.

25.    As a result of the Defendant's negligence, Plaintiff suffered a fractured index finger, requiring surgery, numerous medical appointments, physical therapy, placement of pins in right index finger, loss of use of his right hand for a period of time, permanent limited use of his right

hand, permanent limited range of motion in of the right index finger, permanent loss of function of right index finger.

26.    As a result of the Defendant's negligence, Plaintiff sustained and will continue to sustain: pain and suffering, loss of life's pleasures; impairment of functions, expenses for medication and medical attention.

WHEREFORE, Plaintiff demands judgment against said Defendant in the amount of $200,000.00.

Respectfully submitted,

SHANE P. HICKEY
ATTORNEY ID 329221
20 WEST FRONST STREET
MEDIA PA 19063
610-891-8883
610-891-8923
SPH@Hickeylaw.com